UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DAVID OVERHOLT, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) No.: 3:18-CV-511-CLC-DCP |
| v. | ) |
| KNOX COUNTY SHERIFF'S OFFICE, MICHAEL PANNELL, CORPORAL HID, CAPTAIN COX, CHIEF PURVIS, and CORRECTIONAL OFFICER RUTHERFORD, | ) |
| Defendants. | ) |

# **M E M O R A N D U M**

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. This matter is now before the Court for screening of the amended complaint pursuant to the Prison Litigation Reform Act ("PLRA").[1] For the reasons set forth below, this action will be **DISMISSED**.

## I. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals

---

[1] The United States Postal Service returned the Court's previous order granting Plaintiff's motion for leave to proceed *in forma pauperis* as undeliverable (Doc. 4). The Court, however, takes judicial notice that the Tennessee Department of Correction now lists Plaintiff as incarcerated in the Southcentral Correctional Center. *See* https://apps.tn.gov/foil-app/search.jsp. Accordingly, the Clerk will be **DIRECTED** to update Plaintiff's address on the Court's docket to 555 Forest Avenue, Clifton, Tennessee 38425.

for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990).

## II. <u>LEGAL ANALYSIS</u>

In his complaint, Plaintiff sets forth a number of allegations regarding the conditions of his confinement in the Knox County Detention Center and asserts that Defendants subjected him to cruel and unusual punishment (Doc. 2 p. 3–5). Based on these allegations, Plaintiff seeks injunctive relief, including a transfer and an investigation of his treatment, as well as a change of venue for criminal charges and for a criminal charge against him to be dropped (*id.* at 6).

As set forth above, however, Plaintiff is no longer confined in the Knox County Detention Center. As such, his requests for injunctive relief are moot. *Kensu v. Haigh*, 87 F.3d 172, 175

(6th Cir. 1996) (holding that claims seeking injunctive relief are moot when the prisoner is no longer in custody of the institution that allegedly violated the prisoner's constitutional rights). Court lack jurisdiction over moot claims, as courts are not "empowered to decide moot questions or abstract propositions." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

Further, as to Plaintiff's requests that the Court intervene in the pending state criminal matters against him, in *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions, as states have a special interest in enforcing their own laws in their own courts. *Id.* at 44. This rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted). As such, federal courts should abstain from addressing a claim where: (1) a state proceeding is ongoing; (2) an important state interest is involved; and (3) the party has an adequate opportunity to raise his constitutional challenges in the state proceeding. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996). As Plaintiff's criminal proceeding is ongoing and he can raise his arguments set forth in his complaint in that action, *Younger* compels the Court to abstain from interfering with this state criminal matter and the Court cannot grant Plaintiff the relief he seeks under § 1983.

## III. <u>CONCLUSION</u>

For the reasons set forth above, the Clerk will be **DIRECTED** to update Plaintiff's address. Also, even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983. As such, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**An Order Will Enter.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**